UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:22-CR-79-CRS

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.

ISHIA REYES                                                                                      DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court on the motion of Defendant Ishia Reyes ("I. Reyes") seeking the immediate disclosure of "any exculpatory material regarding the informants from Counts 2 and 5 of the Superseding Indictment." Motion, DN 125 at PageID# 620. The United States has filed a Response in which it argues that because a nearly identical motion (DN 60) was already decided by the Court (DN 62), the "instant motion should be denied as moot." Response, DN 126. I. Reyes replies that two developments since that decision warrant immediate disclosure. Reply, DN 127. First, I. Reyes states that a video revealing the identity of the informant involved in Count 2 has been produced in discovery. *Id.* Second, I. Reyes contends that "[i]n order to analyze the wisdom of accepting the pending plea offer, the strength of the case against [him] needs development by providing impeachment evidence pertaining to the informant." *Id.*

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." However, as the Court explained in its earlier decision, such evidence need only be produced "in time for effective use at trial." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988); *see* Memorandum Opinion, DN 62 at PageID# 224. Neither of the developments cited by I. Reyes warrant the immediate disclosure of material regarding the informants. First, the apparent

revelation of one informant's identity does not change the fact that the United States need only produce *Brady* evidence in time for effective use at trial. *Presser*, 844 F.2d at 1281. Second, *Brady* obligations do not attach at the plea-negotiation stage. *United States v. Ruiz*, 536 U.S. 622, 629 (2002) ("We must decide whether the Constitution requires [the] preguilty plea disclosure of impeachment information. We conclude that it does not."); *Robertson v. Lucas*, 753 F.3d 606, 621-22 (6th Cir. 2014) (finding "no clearly established obligation to disclose exculpatory Brady material to the prosecutors in time to be put to effective use in plea bargaining."). Accordingly, the Court will deny I. Reyes's motion.

Therefore, motion having been made and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Defendant Ishia Reyes's Motion for Disclosure of Specific *Brady* Materials (DN 125) is **DENIED**.

March 25, 2025

Charles R. Simpson III, Senior Judge
United States District Court