UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:22-CR-79-CRS

UNITED STATES OF AMERICA                                                                             PLAINTIFF

v.

ISHIA REYES                                                                                                       DEFENDANT

### MEMORANDUM OPINION & ORDER

Defendant Ishia Reyes ("I. Reyes") moves the Court "to sever his case, and grant him a separate trial from that of his co-defendants." Motion, DN 123. I. Reyes is charged in eight counts of a twenty-one count Second Superseding Indictment[1] which also contains charges against three other defendants. DN 130. Count 1 charges all four defendants with "Conspiracy to Possess with Intent to Distribute Controlled Substances." *Id.* at PageID# 633. Two of the other charges against Reyes—Counts 9 and 10—include other defendants. *Id.* at PageID# 637-38.

Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The burden to show prejudice is "heavy" and "extremely difficult." *United States v. Gallo*, 763 F.2d 1504, 1527 (6th Cir. 1985). Specifically, the movant must show "'substantial,' 'undue,' or 'compelling' prejudice." *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (citations omitted). And the presumption against severance is particularly strong in conspiracy cases. *United States v. Dempsey*, 733 F.2d 392, 398

---

[1] The government filed the "Second Superseding Indictment" after Reyes submitted this Motion to Sever. The new indictment added a charge of "Distribution of Controlled Substances" against I. Reyes. DN 130. As to I. Reyes's codefendants, the Second Superseding Indictment changed most of the charges of "Distribution of Methamphetamine" into charges of "Distribution of Controlled Substances." *Id.* It also dropped a charge of "Possession with intent to distribute Fentanyl" against one codefendant and added a charge of "Distribution of Fentanyl" against the other two codefendants. *Id.*; *see* Superseding Indictment, DN 24.

(6th Cir. 1984) ("As a general rule, especially in conspiracy cases, parties who are jointly indicted should be tried together.").

In support of his motion, I. Reyes contends that because "[m]ost of the evidence will not concern [him] . . . [t]here is a distinct possibility that [he] will be swept up in the spillover of evidence" against his codefendants. Motion, DN 123 at PageID# 611. The Court agrees with the United States that this conclusory assertion is insufficient to overcome the presumption against severance in this conspiracy case. *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) ("The defendant's conclusory statement that the joinder of the counts 'affected' the jury's ability to render a fair and impartial verdict does not suffice to show substantial prejudice."); *United States v. Johnson*, 763 F.2d 773, 777 (6th Cir. 1985) ("absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance."). Accordingly, the Court will deny I. Reyes's Motion to Sever.

Therefore, motion having been made and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Defendant Ishia Reyes's Motion to Sever (DN 123) is **DENIED**.

March 25, 2025

Charles R. Simpson III, Senior Judge
United States District Court