UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:22-CR-79-CRS

UNITED STATES OF AMERICA                                           PLAINTIFF

v.

ISHIA REYES                                                        DEFENDANT

**MEMORANDUM OPINION & ORDER**

Pursuant to FED. R. CRIM. P 12(b)(3)(C) and *Franks v. Delaware*, 438 U.S. 154 (1978), Ishia Reyes ("I. Reyes") requests an evidentiary hearing and suppression of the evidence obtained from 7103 Betsy Ross Drive. Motion, DN 83. The Court referred this matter to Magistrate Judge Regina S. Edwards who issued a report recommending that I. Reyes's motion be denied. Report, DN 115. This matter is now before the Court on I. Reyes's Objections to Judge Edward's Report and Recommendation. Objections, DN 121. For the reasons stated below, the Court will overrule I. Reyes's Objections and adopt Judge Edwards's Report as the opinion of this Court.

**BACKGROUND**

On August 2, 2023, a grand jury charged I. Reyes and three others with conspiracy to possess with intent to distribute controlled substances. Indictment, DN 1. I. Reyes was also charged with three counts of distribution of methamphetamine. *Id.* Two days later, law enforcement executed an arrest warrant for I. Reyes at 7103 Betsy Ross Drive, where I. Reyes was staying as an overnight guest. Law enforcement stated that after entering the residence, they "observed, in plain view, what appeared to be, based on their training and experience, suspected methamphetamine in a Ziploc type plastic bag in the toilet." Warrant Affidavit, DN 87-6 at PageID# 418. Later that day, Magistrate Judge Edwards issued a search warrant for 7103 Betsy Ross Drive. *Id.* at PageID# 423. Based on the evidence recovered from the search of the residence,

I. Reyes was additionally charged with possession with intent to distribute methamphetamine, possession with intent to distribute controlled substances, possession of a firearm by a prohibited person, and possession of a firearm in furtherance of drug trafficking. Superseding Indictment, DN 24.

On September 11, 2023, I. Reyes filed a motion to suppress the evidence recovered from 7103 Betsy Ross Drive and requesting an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Motion, DN 83. The government filed a Response, DN 87 to which I. Reyes replied. DN 95. The Court referred the matter to Judge Edwards for a Report and Recommendation. Order, DN 112. On October 10, 2024, Judge Edwards issued her Report concluding that I. Reyes's motion should be denied. Report, DN 115 at PageID# 578. On November 8, 2024, I. Reyes filed his Objections to Judge Edwards's Report. Objections, DN 121. The Court now considers those Objections and reviews the portions of the Report to which I. Reyes objected.

## **LEGAL STANDARD**

The Court conducts a *de novo* review of the portions of a magistrate judge's report to which a party has filed a timely and specific written objection. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3). Specific objections "pinpoint those portions of the magistrate's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard*, 932 F.2d at 509). To the extent that no objection is filed, the arguments are waived. *Thomas v. Arn*, 728 F.2d 813, 815

(6th Cir. 1984), *aff'd*, 474 U.S. 140, 147–48 (1985). The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

In his Motion to Suppress, I. Reyes "requests that the Court hold an evidentiary hearing . . . and at the conclusion, suppress the evidence seized from 7103 Betsy Ross Drive, obtained in violation of the Fourth Amendment." Motion, DN 83 at PageID# 294-95. I. Reyes presents three bases for this request: 1) Law enforcement falsely stated in the search warrant affidavit that the narcotics were found in plain view; 2) law enforcement violated the Fourth Amendment by entering 7103 Betsy Ross Drive to arrest I. Reyes without a search warrant; and 3) law enforcement failed to knock and announce their presence before entering 7103 Betsy Ross Drive. *Id.* at PageID# 291-93. Judge Edwards rejected each of these arguments. Report, DN 115 at PageID# 578. For the reasons discussed below, I. Reyes's objections to Judge Edwards's findings are meritless and will be overruled.

**A. Law Enforcement's Statement That Narcotics Were Found in Plain View**

I. Reyes disputes the veracity of law enforcement's statement in the warrant affidavit that narcotics were found in plain view in the toilet. Motion, DN 83 at PageID# 292. Specifically, I. Reyes "asserts, upon information and belief, that the toilet bowl lid was closed at the time law enforcement entered the bathroom and that there were no suspected narcotics in plain view." *Id.* at PageID# 291. Accordingly, I. Reyes seeks an evidentiary hearing pursuant to *Franks v. Delaware* to "probe the veracity" of law enforcement's statement. *Id.* at PageID# 292.

Judge Edwards recommended that I. Reyes's request be denied. Report, DN 115 at PageID# 571. She explained that to earn a *Franks* hearing, a defendant must first "'make a

substantial showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit' . . . ." *Id.* at PageID# 570 (quoting *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019)). Applying this rule, Judge Edwards found that I. Reyes's "conclusory assertion" that the statement is false did not constitute a substantial showing of falsity. *Id.* at PageID# 571 (citing *Franks*, 438 U.S. at 171-72). Judge Edwards also observed that "[t]ellingly, I. Reyes admits he doesn't know whether the affiant's statement was made with reckless disregard for the truth or intentionally or knowingly." *Id.* (citing Motion, DN 83 at PageID# 292). Accordingly, Judge Edwards concluded that I. Reyes had not made the requisite substantial preliminary showing to earn a *Franks* hearing.

The Court finds no error of law or fact in Judge Edwards's analysis, and I. Reyes identifies none. I. Reyes first objects that he "has no idea how he should know what scienter existed for the affiant's statement, and why it should be 'telling' that he does not know." Objections, DN 121 at PageID# 603. But Judge Edwards correctly explained that to earn a *Franks* hearing, I. Reyes must make a substantial showing that the allegedly false statement was made "knowingly and intentionally, or with reckless disregard for the truth." Report, DN 115 at PageID# 570 (quoting *Bateman*, 945 F.3d at 1008); *see also Mays v. City of Dayton*, 134 F.3d 809, 816 (1998) ("A Franks violation . . . require[s] a showing of intent . . . ."). Accordingly, Judge Edwards did not err by pointing to I. Reyes's admission that he could make no such showing.

I. Reyes also objects that because there is no bodycam footage or other evidence concerning the execution of the arrest warrant, the statement that the narcotics were found in plain view is "unchallengeable." Objections, DN 121 at PageID# 603-04. In other words, I. Reyes contends that given the dearth of concrete evidence available to him, a *Franks* hearing is his only means of challenging the veracity of the statement. *Id.* I. Reyes did not present this argument to Judge

4

Edwards, and it is therefore waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate."). Regardless, this objection is meritless. As the Supreme Court explained in *Franks*, the high burden of a substantial preliminary showing is designed "to prevent the misuse of a veracity hearing for the purposes of discovery" or "the mere desire to cross-examine." *Franks*, 438 U.S. at 170-71. Thus, the mere fact that I. Reyes has no immediate access to supportive evidence does not entitle him to a hearing.

**B. Law Enforcement's Execution of the Arrest Warrant at 7103 Betsy Ross Drive**

Next, I. Reyes contends that law enforcement violated the Fourth Amendment by entering 7103 Betsy Ross Drive to arrest him "without first obtaining a search warrant." Motion, DN 83 at PageID# 293. Accordingly, I. Reyes seeks the suppression of the evidence found at the residence. *Id.* Judge Edwards rejected this argument. Report, DN 115 at PageID# 573. She explained that under the applicable caselaw, law enforcement was not required to obtain a search warrant before entering 7103 Betsy Ross Drive pursuant to an arrest warrant for I. Reyes. *Id.* at PageID# 573 (citing *Payton v. New York*, 445 U.S. 573, 603 (1980); *United States v. Buckner*, 717 F.3d 297, 300 (6th Cir. 1983)).

I. Reyes does not point to any error in this finding. Instead, I. Reyes objects that upon entering the residence, law enforcement exceeded their "protective sweep" in violation of the Fourth Amendment by entering the bathroom where the narcotics were found. Objections, DN 121 at PageID# 604-05. I. Reyes observes that "no recordings were made on the protective sweep to see how it occurred, nor is there a narration." *Id.* at PageID# 605. However, he contends that "there is no place for a person to hide in the small bathroom, and the toilet bowl cannot be seen from the

5

doorway." *Id.* I. Reyes concludes that absent a *Franks* hearing to examine this issue, he has no way to challenge the manner in which the protective sweep occurred. *Id.* at PageID# 605-606.

As well, I. Reyes did not present this argument to Judge Edwards. Accordingly, it is waived. *Murr*, 200 F.3d at 902 n.1. In any case, I. Reyes's only "proof" of a violation is a photograph "referenced in [his] Reply" which purportedly supports his contentions that a person could not have hidden in the bathroom and that the toilet was not visible from the doorway. Objections, DN 121 at PageID# 604-05. I. Reyes does not provide or otherwise identify this photograph. And as discussed, I. Reyes's inability to access or produce supportive evidence does not entitle him to a hearing. *Franks*, 438 U.S. at 170-71. Accordingly, even if I. Reyes's objection were properly presented, it is meritless.

**C. Law Enforcement's Alleged Failure to Knock and Announce**

Finally, I. Reyes alleges that law enforcement failed to knock and announce their presence before entering 7103 Betsy Ross Drive in violation of the Fourth Amendment and 18 U.S.C. § 3109. Motion, DN 83 at PageID# 293-94. On this ground also, I. Reyes requests an evidentiary hearing and suppression of the evidence found at the residence. *Id.* Judge Edwards recommended that these requests be denied. Report, DN 115 at PageID# 578. First, Judge Edwards found that I. Reyes's "offer of proof"—which consisted only of I. Reyes's assertion based on "information and belief" that law enforcement failed to knock and announce—was insufficient to warrant an evidentiary hearing. *Id.* at PageID# 576. Second, Judge Edwards examined the applicable caselaw and found that "the uncertainty and inconsistency of the jurisprudence as to whether the exclusionary rule applies to federal knock-and-announce violations counsels against granting the relief I. Reyes requests." *Id.* at PageID# 578. However, she noted that "the Court need not decide

6

this issue of first impression because I. Reyes has not alleged sufficient proof that a knock-and-announce violation occurred." *Id.*

I. Reyes objects to each of these findings. First, I. Reyes argues that "[t]here is no evidence at all as to how law enforcement entered . . . this is an important detail that has been omitted from the warrant, and the Magistrate now recommends that the police not be made to answer this important question." Objections, DN 121 at PageID# 604. But as Judge Edwards correctly explained, I. Reyes has the burden of showing that law enforcement failed to knock and announce. Report, DN 115 at PageID# 576 (citing *Franks*, 438 U.S. at 171). And the burden to earn a hearing based on an omission from a warrant affidavit is particularly high. *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998) ("affidavits with potentially material omissions, while not immune from *Franks* inquiry, are much less likely to merit a *Franks* hearing than are affidavits including allegedly false statements . . . allowing omissions to be challenged would create a situation where almost every affidavit of an officer would be questioned."). Judge Edwards did not err in finding that I. Reyes's conclusory assertion failed to carry this burden. And again, I. Reyes's protest that he needs a hearing to show a violation does not entitle him to one. *Franks*, 438 U.S. at 170-71.

Second, I. Reyes objects to Judge Edwards's finding that the uncertainty in the caselaw counsels against granting suppression for a failure to knock and announce. Objections, DN 121 at PageID# 605. I. Reyes contends that Judge Edwards should have adopted the Sixth Circuit's unpublished opinion in *U.S. v. Watson*, which stated that the exclusionary rule was "potentially applicable" when officers improperly entered a home without a search warrant. 489 Fed. App'x at 928-29 (6th Cir. 2012). But *Watson* did not involve an improper failure to knock-and-announce. And regardless, the Court agrees with Judge Edwards that because I. Reyes has not made a

sufficient showing of a knock-and-announce violation, the Court need not decide whether suppression would be the appropriate remedy. Accordingly, I. Reyes's objection will be overruled.

## CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Defendant Ishia Reyes's Objections (DN 121) to the Findings, Conclusions, and Recommendations of Magistrate Judge Regina Edwards are **OVERRULED**;

(2) The Recommendations of Magistrate Judge Regina Edwards (DN 115) are **ADOPTED**; and

(3) Defendant Ishia Reyes's Motion to Suppress (DN 83) is **DENIED**.

March 25, 2025

Charles R. Simpson III, Senior Judge
United States District Court