UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA    Plaintiff

v.    Criminal Action No. 3:22-cr-79-RGJ

ISHIA REYES    Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Ishia Reyes ("I. Reyes") moves the Court to consider a "Supplemental Motion to Suppress." [DE 155]. The United States filed a response in opposition. [DE 165]. I. Reyes filed a reply and the United States filed a sur-reply with the Court's permission. [DE 167, DE 177]. For the reasons below, the supplemental motion to suppress [DE 155] is **DENIED.**

**I.    BACKGROUND**

The factual and procedural background is set forth in the Magistrate Judge's report and recommendation that I. Reyes's motion to suppress [DE 83][1] evidence recovered from 7103 Betsy Ross Drive be denied [DE 115] and in the memorandum opinion and order accepting that report and recommendation [DE 143], overruling I. Reyes' objections to same, and is incorporated by reference here.

Several months after the Court overruled I. Reyes' objections and accepted the magistrate judge's report and recommendation, he filed a supplemental motion to suppress based on a single case, *United States of America vs. Alan C. Rogers*, case no. 5:22-cr-00051, DE 33. I. Reyes supplements because "an argument [was] brought to the attention of the defense after the litigation of the original Motion to Suppress." [DE 155 at 799]. Further, in I. Reyes' reply, he alleges that

---

[1] I. Reyes's motion to suppress was fully briefed and referred the magistrate judge for a report and recommendation. [DE 87, Resp., DE 95, Reply, DE 112, Referral].

1

he acquired the body camera footage of eight officers present on scene at the execution of the arrest warrant but has been unable to obtain body camera footage of the officers that participated in the warrant's execution and requests an order compelling production and a hearing. [DE 167]. The United States confirmed in its sur-reply that all body camera footage has been produced, and that no body cameras were worn by the officers executing the arrest warrant. [DE 177].

## II.     MOTION FOR RECONSIDERATION

### A. Standard

Because the Federal Rules of Criminal Procedure do not expressly provide for motions to reconsider, courts "rely on 'analogous precedent arising under the Federal Rules of Civil Procedure.'" *United States v. Johnson*, No. 20-5873, 2022 WL 35406, at *5 (6th Cir. Jan. 3, 2022) (quoting *United States v. LaDeau*, 734 F.3d 561, 572 n.3 (6th Cir. 2013)). Accordingly, "a motion for reconsideration may be granted when there has been '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Id.* (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

### B. Discussion

As an initial matter, supplementation is typically permitted only where the case is new and decided after the parties' brief has been filed. While the *Rogers* was decided a few weeks after I. Reyes' motion to suppress was filed, over a year passed between the time the *Rogers* case was decided and when I. Reyes filed his objections to the magistrate judge's report and recommendation. It is unclear why this case would not have been cited or supplementation sought when I. Reyes filed objections to the report and recommendation.

The *Rogers* decision is a district court opinion. Because it is not a controlling case, the Court cannot find "an intervening change in controlling law." *Johnson*, 2022 WL 35406, at *5.

Moreover, I. Reyes does not cite any newly discovered evidence. I. Reyes "was an overnight guest at 7103 Betsy Ross Drive when officers executed a warrant for his arrest." [DE 115, at 567]. Law enforcement stated that after entering the residence, they "observed, in plain view, what appeared to be, based on their training and experience, suspected methamphetamine in a Ziploc type plastic bag in the toilet." [DE 87-6, Warrant Affidavit, at 418]. The magistrate judge found that "[t]he plain view of these drugs led law enforcement to obtain a search warrant for the residence, which ultimately led to the discovery of more drugs, drug paraphernalia, and firearms." [DE 115, at 567.] The magistrate judge found that law enforcement performed a protective sweep when they entered the residence, saw the drugs in plain sight, secured the scene, and then sought a search warrant for the residence. [DE 115 at 574]. I. Reyes objected to the finding that the officers discovered the narcotics during a protective sweep and argued that the only way to determine whether law enforcement exceeded the reasonable scope of a protective sweep was to hold a *Franks* hearing. [DE 121]. The Court found this objection waived as it was not presented to the magistrate judge. The Court also found that even if it had been timely raised the argument fails as I. Reyes did not meet his burden in producing supportive evidence to demonstrate the need for a *Franks* hearing. [DE 43 at 743-744]. The body camera footage obtained by I. Reyes of officers present at the scene does not change this analysis as those videos are not of the arrest inside the home. The United States has reconfirmed that no body camera video exists of the Reyes' arrests. Thus, I. Reyes is not offering new evidence to change this determination.

That leaves the Court to analyze whether I. Reyes presents a "clear error of law" or a "need to prevent manifest injustice." *Johnson*, 2022 WL 35406, at *5. I. Reyes admits this argument was not made in his motion to suppress. He argues that the officers' sweep of the bathroom was unlawful because once the officers located him in the house, there was no longer justification for

3

entering any rooms that had not yet been searched. [DE 155 at 800]. The Fourth Amendment of the U.S. Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" "Except in certain well-defined circumstances, a search or seizure . . . is not reasonable unless it is accomplished pursuant to a judicial warrant issued upon probable cause." *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989). An exception exists for a protective sweep— a "quick and limited search of the premises, incident to an arrest and conducted to protect the safety of police officers or others." *Maryland v. Buie*, 494 U.S. 325, 327 (1990). According to the search warrant affidavit, "[d]uring the course of the execution of the arrest warrant for Reyes, members of the SRT encountered Reyes exiting a bathroom inside the residence. Members of SRT observed, in plain view, what appeared to be, based on their training and experience, methamphetamine in a Ziploc type plastic bag in the toilet." [DE 87-6 at 418]. The Court agrees with the previous ruling that the officers entered the bathroom as part of the arrest and protective sweep and saw the drugs in plain sight.

     I. Reyes presents no facts or authority to counter that the officers' entry into the bathroom was within the scope of a quick and limited search of the bathroom he was exiting, incident to the arrest, to protect the safety of the officers. The *Rogers* case is inapplicable. There, law enforcement arrested Rogers on an arrest warrant in the driveway outside of a trailer. *Rogers*, 5:22-CR-51, DN 33, at 255-256. Following the arrest, the officers left the driveway where they arrested Rogers, entered the trailer, and conducted a sweep of the trailer, which the Court ruled was outside the permissible scope of a protective sweep. [*Id*. at 256]. Here, law enforcement that entered the residence with an arrest warrant for I. Reyes's arrest. He was encountered exiting the bathroom when apprehended by law enforcement. The officers conducted a quick and limited protective

4

sweep of the room from which Reyes was emerging (the bathroom), then saw the drugs in plain sight. A protective sweep of the very room the subject of the arrest warrant was exiting is different from entering a home after an arrest warrant has been executed outside on the home's driveway. These differences are significant, and thus the Court does not find the holding of *Rogers* changes the conclusion here.

### III.  CONCLUSION

For the reasons set forth above, I. Reyes's Supplemental Motion to Suppress [DE 155] is **DENIED**.

August 29, 2025

Rebecca Grady Jennings, District Judge
United States District Court

cc: counsel of record