UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                    Plaintiff

v.                                                          Criminal Action No. 3:22-cr-79-RGJ

ISHIA REYES                                                                     Defendant

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Defendant Ishia Reyes ("I. Reyes") moves the Court to dismiss for "Vindictive Prosecution And/Or Improper Joinder." [DE 183]. The United States responded in opposition. [DE 184]. For the reasons below, the Motion to Dismiss [DE 183] is **DENIED.**

### BACKGROUND

The factual and procedural background is set forth in the Magistrate Judge's report and recommendation that I. Reyes's motion to suppress [DE 83] the evidence recovered from 7103 Betsy Ross Drive be denied [DE 115] and in the memorandum opinion and order accepting that report and recommendation [DE 143], overruling I. Reyes' objections to same, and is incorporated by reference here.

### DISCUSSION

**I.    Motion to Dismiss for Vindictive Prosecution**

I. Reyes moves to dismiss the charges against him in the Second and Third Superseding Indictments for prosecutorial vindictiveness I. Reyes claims that the addition of § 851 enhancements, resulting in 5 additional years to his potential sentence, which "the prosecution had explained would be the result of opting to proceed to trial" supports "an inference of prosecutorial vindictiveness." [DE 183 at 1107-08]. Put simply, I. Reyes claims that because plea negotiations

failed and the prosecution filed a Second and Third Superseding Indictment, without new evidence, the case should be dismissed.

A.  *Standard*

"A defendant may establish prosecutorial vindictiveness through one of two approaches. First, a defendant may demonstrate 'actual vindictiveness,' i.e., he may establish through objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights. This showing, however, is 'exceedingly difficult to make.'" *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001). "Second, a defendant may establish that, in the particular factual situation presented, there existed a 'realistic likelihood of vindictiveness' for the prosecutor's action." *Id.* (citing *United States v. Andrews*, 633 F.2d 449, 453 (6th Cir. 1980) (*en banc*)). Under this approach, "[a] court may only presume an improper vindictive motive when a reasonable likelihood of vindictiveness exists." *Id.* This standard is objective and considers "whether a reasonable person would think there existed a realistic likelihood of vindictiveness," not the "defendant's subjective impressions.'" *United States v. Zakhari,* 85 F.4th 367, 379 (6th Cir. 2023) (quoting *Andrews*, 633 F.2d at 454). To assess this, a court weighs two factors: (1) that "the prosecutor has some 'stake' in deterring the petitioner's exercise of his rights, and that [(2)] the prosecutor's conduct was somehow unreasonable." *United States v. Anderson*, 923 F.2d 450, 453-54 (6th Cir. 1991). If a reasonable likelihood is found, a presumption arises in defendant's favor and the United States must rebut it "with 'objective, on-the-record explanations' such as 'governmental discovery of previously unknown evidence' or 'previous legal impossibility.'" (*Zakhari*, 85 F.4th at 379) (quoting *Bragan*, 249 F.3d at 482).

B.  *Discussion*

I. Reyes argues that "the sequence of events strongly supports an inference of prosecutorial vindictiveness" because "when the government explicitly threatens to increase charges if a

defendant asserts his right to trial and then acts on that threat" the presumption of vindictiveness should attach. [DE 183 at 1108]. Here, "the prosecutor's statement," referring to the potential addition of § 851 enhancement if a plea agreement was not reached, "to defense counsel was followed by the addition of new counts and enhancements, without new evidence, immediately after the plea rejection." [DE 183 at 1108]. I. Reyes believes because of that, the Second and Third Superseding Indictments should be dismissed.

### 1. Actual Vindictiveness

I. Reyes does not assert an argument under the first approach, "actual vindictiveness." Yet, the United States contends any argument under this approach would fail because Reyes has not offered any "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *United States v. LaDeau*, 734 F.3d 561, 567 (6th Cir. 2013). Without objective evidence, a claim made for actual vindictiveness must fail.

### 2. Realistic Likelihood of Vindictiveness

Instead, I. Reyes asserts claims under an "inference of prosecutorial vindictiveness" theory. As stated above, I. Reyes must demonstrate the United States has the requisite "stake" in preventing I. Reyes from exercising his right to trial, and that the United States' conduct was unreasonable. *Anderson*, 923 F.2d at 453–54.

#### a. Requisite Stake

I. Reyes has not demonstrated that the United States has the requisite "stake" in preventing I. Reyes from exercising his right to trial. Since 1978 in *Bordenkircher v. Hayes*, the Supreme Court has held that a prosecution may legitimately threaten to bring harsher charges to induce a plea agreement. *Bordenkircher v. Hayes,* 434 U.S. 357, 363–65 (1978). In cases interpreting *Bordenkircher*, the Sixth Circuit has repeatedly held that "[a]voidance of trial as a prosecutorial

stake is implicit in the plea bargaining process, and therefore exempt under *Bordenkircher* from being held vindictive." *United States v. Young*, 847 F.3d 328, 361-62 (6th Cir. 2017) (citing *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001)). To demonstrate the "requisite stake," the only evidence I. Reyes points to is the "sequence of events" and how that "sequence creates an appearance of retaliation . . . warranting dismissal" i.e., the failed plea negotiations and the resulting superseding indictment. [DE 183 at 1108]. This type of evidence is implicit in the plea bargaining process and is exempt from being vindictive under *Bordenkircher*. *Young*, 847 F.3d at 361-62; *Suarez*, 263 F.3d at 479. I. Reyes provides no other arguments that the United States had any stake in preventing I. Reyes from exercising his right to trial; thus, this burden is not met and the first prong fails.

    b. *Reasonableness*

Nor has I. Reyes demonstrated that the United States acted unreasonably. As referenced, "the Supreme Court long ago adopted the position that the prosecution may legitimately threaten to bring harsher charges in order to induce a defendant into pleading guilty, despite the fact that the harsher charges, if brought, might appear to penalize a defendant for exercising his right to trial." *LaDeau*, 734 F.3d at 569 (citing *Bordenkircher* 434 U.S. at 363–65.)). Again, I. Reyes asserts that the "sequence of events strongly supports an inference of prosecutorial vindictiveness" that "warrant[s] dismissal." [DE 183 at 1108]. In response, the United States contends that they "emailed Reyes' defense counsel and advised of its intentions to seek the second superseding indictment." [DE 184 at 1116]. And in return, I. Reyes never "accepted the United States' offer nor even indicated a willingness to enter a guilty plea." *Id.* As exhibits, The United States provided the email exchange with defense counsel and accompanying letter. [DE 184-1, DE 184-2]. The letter states that the "United States could seek a Second Superseding Indictment. . . However, law

enforcement would be interested in sitting down with Mr. Reyes. . . prior to the United States seeking a Second Superseding Indictment." [DE 184-2 at 1121]. Even though, here, "increased charges result[ed] from a breakdown of the plea bargaining process" those actions are "not be deemed vindictive." *LaDeau*, 734 F.3d at 569. Under the controlling Sixth Circuit law cited above, the Court cannot find the United States' conduct was unreasonable, and prong two fails.

Because I. Reyes failed to meet either prong, the Court need not reach the question of rebuttal by the United States. Therefore, I. Reyes's motion to dismiss for vindictiveness prosecution is DENIED.

## II.   Motion to Sever

### A.  *Standard*

Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. The burden to show prejudice is "heavy" and "extremely difficult." *United States v. Gallo*, 763 F.2d 1504, 1527 (6th Cir. 1985). Specifically, the movant must show "'substantial,' 'undue,' or 'compelling' prejudice." *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (citations omitted). And the presumption against severance is particularly strong in conspiracy cases. *United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1984) ("As a general rule, especially in conspiracy cases, parties who are jointly indicted should be tried together.")

### B.  *Discussion*

I. Reyes contends that "[t]he late joinder of Mr. Reyes to Counts 9 and 10 in the Third Superseding Indictment, years into the proceedings, creates severe prejudice and hampers his

5

ability to prepare a defense." [DE 183 at 1108]. The Court has already ruled on a factually similar motion to the one before the Court. [DE 142]. To support this, I. Reyes states that the joinder potentially "implicates Speedy Trial Act concerns, as it restarts or extends timelines in a way that disadvantages the defendant without adequate justification." [DE 183 at 1108-09]. But Reyes was added to Counts 9 and 10 in the *Second* Superseding Indictment, not the Third. [DE 130]. This was nearly seven months ago. I. Reyes has not demonstrated how his defense has been prejudiced or hindered for the last seven months. Without more evidence of "substantial," "undue" or "compelling prejudice" to his defense within the appropriate timeframe, these conclusory assertions offered by I. Reyes are insufficient to overcome the presumption against severance in this case. *See United States v. Hang Le-Thy Tran,* 433 F.3d 472, 478 (6th Cir. 2006). As a result, I. Reyes's Motion to sever is DENIED.

## CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Reyes's Motion to Dismiss for Vindictive Prosecution And/Or Improper Joinder [DE 183] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

September 4, 2025